**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF FLORIDA**

**CASE NO: 5:26-cv-01579-MA**

CARLOS CASTILLEJOS**,**
individually and on behalf of all
others similarly situated,

Plaintiff,

v.

ORTHOTECH LLC d/b/a SMILESET,

Defendant.
_____________________________________/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

JUDGE MICAELA ALVAREZ

**PLAINTIFF'S UNOPPOSED AMENDED AND RENEWED MOTION TO AMEND FIRST AMENDED COMPLAINT BY INTERLINEATION**

Plaintiff Carlos Castillejos, pursuant to the Court's inherent authority and Federal Rule of Civil Procedure 15 and Local Rule CV-7, moves for leave to correct by interlineation Plaintiff's First Amended Complaint, and in support states:

1. On May 1, 2026, Plaintiff filed his First Amended Complaint ("FAC"), [DE12].

2. Plaintiff seeks to correct paragraph 10 of the FAC to properly state Plaintiff's citizenship allegations regarding Defendant:

> 10. Defendant OrthoTech, LLC d/b/a SmileSet is a Delaware limited liability company. Defendant's own public on-line terms direct legal notices to "OrthoTech, LLC, Attn: Legal Dept., 222 Lakeview Avenue, West Palm Beach, FL 33401," and public business-registration records for OrthoTech likewise identify 222 Lakeview Avenue, Suite 1550, West Palm Beach, Florida as OrthoTech's principal and mailing address.

a. Because Defendant is a limited liability company, its citizenship for member-based diversity purposes is determined by the citizenship of each of its members. Upon information and belief, based on OrthoTech's public business-registration records and public ownership statements, the presently identifiable members of OrthoTech, LLC are David Katzman, Alexander Fenkell, and Jordan Katzman. Public California and Arizona registration records identify those same three individuals as OrthoTech's managers.

b. Upon information and belief, David Katzman is domiciled in Florida and is therefore a citizen of Florida. OrthoTech's California registration records identify David Katzman from Palm Beach Gardens, Florida. Florida Sunbiz records also identify David Katzman as the manager of Camelot Venture Group, LLC and David B. Katzman as the manager of CVG Advisors, LLC at Florida addresses in Boca Raton.

c. Upon information and belief, Alexander Fenkell is domiciled in Florida and is therefore a citizen of Florida. OrthoTech's California registration records identify Alexander Fenkell from Surfside, Florida. Public Florida voter-record compilations also place Alexander Joseph Fenkell in Surfside, Florida, which is the same Surfside address reflected in OrthoTech's California registration.

d. Upon information and belief, Jordan Katzman is not a citizen of Texas. OrthoTech's California registration records identify Jordan Katzman from Birmingham, Michigan. Plaintiff alleges on information and belief that Jordan Katzman is domiciled in Michigan and is therefore a citizen of Michigan.

e. Accordingly, OrthoTech, LLC is, at minimum, a citizen of Florida because David Katzman and Alexander Fenkell are citizens of Florida and, upon information and belief, is also a citizen of Michigan because Jordan Katzman is a citizen of Michigan. Based on the presently identifiable members described above, OrthoTech, LLC is not a citizen of Texas.

f. To the extent Defendant contends that any additional person or entity is a member of OrthoTech, LLC, Plaintiff reserves the right to amend these jurisdictional allegations under 28 U.S.C. § 1653 after disclosure of Defendant's ownership structure.

3. Defendant does not oppose the relief sought herein.

4. Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its pleading with the opposing party's written consent or leave of court, which leave should be freely granted when justice so requires. *Id.* 15(a)(2)

5. While denial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *U.S. ex rel. Steury v. Cardinal Health*, Inc., 625 F.3d 262, 270 (5th Cir. 2010).

6. Plaintiff, respectfully asserts no bad faith or dilatory motive is present. Plaintiff is currently responding to Defendant's pending Motion to Dismiss and seeks to amend through interlineation to prevent the need for Plaintiff to file a Second Amended Complaint. The request is also not futile as it simply seeks to correct jurisdictional allegations and will not result in any undue prejudice to Defendant.

4. Plaintiff respectfully submits that leave should be granted to correct the above.

5. A copy of the proposed changes is attached hereto as **Exhibit A** in compliance with Local Rule CV 7(b).

**WHEREFORE**, Plaintiffs respectfully requests an Order granting the instant motion, relating the amendment back to the date of the filing of the First Amended Class Action Complaint, and any other relief deemed just and proper.

**CERTIFICATE OF CONFERRAL**

I hereby certify that I conferred with counsel for Defendant regarding the relief sought in this Motion, and that Defendant does not oppose the relief sought herein.

Date: May 18, 2026

Respectfully submitted,

*/s/Michael Eisenband*
Michael L. Eisenband
Eisenband Law, P.A.
515 E. Las Olas Boulevard, Suite 1301
Ft. Lauderdale, Florida 33301
Michael Eisenband
Florida Bar No. 94235
Email: MEisenband@Eisenbandlaw.com
Telephone: 954.732.2792

*Counsel for Plaintiff and the Class*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of May 2026, I electronically filed the foregoing with the Clerk of the Court which will send notice of electronic filing to all counsel of record.

*/s/ Michael Eisenband*
Michael Eisenband, Esq.